Kelsey Harclerode (SBN 313976)
kelsey@zwillgen.com
**ZWILLGEN PLLC**
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

Attorney for Defendant
**ALLSTATE INSURANCE COMPANY**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VMWARE LLC<br><br>*Plaintiff*,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>*Defendant.* | Case No. 4:25-cv-10687-CRB<br>Judge: Hon. Charles R. Breyer<br><br>**ALLSTATE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant, Allstate Insurance Company ("Allstate" or "Defendant"), by and through its undersigned counsel, hereby answers each of the numbered paragraphs of the Complaint filed by Plaintiff VMware LLC's ("Plaintiff"). Defendant denies all of the Complaint's allegations unless expressly admitted herein. All headings and subheadings contained herein correspond with the headings and subheadings used in the Complaint and are included for organizational purposes only. Defendant denies all factual allegations included in the headings and/or subheadings of the Complaint. Defendant answers the allegations in the like-numbered paragraphs of the Complaint as follows:

## PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis denies those allegations.

2.      Defendant admits that Allstate is an Illinois corporation with its principal place of business in Northbrook, Illinois.

## JURISDICTION AND VENUE

3.      Paragraph 3 contains legal conclusions to which no response is required.

4.      Paragraph 4 contains legal conclusions to which no response is required.

5.      Paragraph 5 contains legal conclusions to which no response is required.

6.      Paragraph 6 contains legal conclusions to which no response is required.

## GENERAL ALLEGATIONS

*A.  The Parties' Agreements and VMware's Audit and Reporting Rights*

7.      Defendant admits that it entered into a Master End User License Agreement with VMware dated December 12, 2008.

8.      Paragraph 8 purports to quote or paraphrase portions of the Master Agreement, which speaks for itself.

9.      Paragraph 9 purports to quote or paraphrase portions of the Master Agreement, which speaks for itself.

10.      Paragraph 10 purports to quote or paraphrase portions of the Master Agreement, which speaks for itself.

11.     Defendant admits that it entered into an Enterprise License Agreement License Agreement with VMware dated September 30, 2019. The remaining allegations in Paragraph 11 purport to paraphrase portions of the ELA, which speaks for itself.

12.     Paragraph 12 purports to quote or paraphrase portions of the ELA, which speaks for itself.

13.     Defendant admits that it entered into the ELA Amendment with VMware dated July 29, 2022. The remaining allegations in Paragraph 13 purport to paraphrase portions of the ELA, which speaks for itself.

14.     Paragraph 14 purports to quote or paraphrase portions of the ELA Amendment, which speaks for itself.

15.     Paragraph 15 purports to quote or paraphrase portions of the ELA Amendment, which speaks for itself.

16.     Paragraph 16 purports to quote or paraphrase portions of the ELA Amendment, which speaks for itself.

### B. VMware's 2025 Audit and Allstate's Delay and Refusal

17.     Paragraph 17 purports to paraphrase or quote from a March 4, 2025 correspondence, which speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18.     Paragraph 18 purports to characterize the contents of a communication which speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19.     Paragraph 19 purports to characterize the contents of a communication which speaks for itself. To the extent a response is required, Defendant admits that Connor Consulting emailed Allstate on April 16, 2025, but denies the remaining allegations in Paragraph 19.

20.     Denied.

21.     Paragraph 21 purports to characterize the contents of a communication which speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

2

ALLSTATE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
CASE NO. 25-cv-10687-CRB

22.    Paragraph 22 purports to characterize the contents of a communication which speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and on that basis denies those allegations.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and on that basis denies those allegations.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and on that basis denies those allegations.

26.    Paragraph 26 purports to characterize the contents of a communication which speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27.    Paragraph 27 purports to characterize the contents of a communication which speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28.    Paragraph 28 purports to characterize the contents of a communication which speaks for itself. To the extent a response is required, Defendant denies the allegations in Paragraph 28..

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Defendant admits that on or about October 1, 2025, it instructed VMware to direct all further communications regarding the Audit to counsel. Defendant denies the remaining allegations in Paragraph 33.

34.    Denied.

35.    Denied.

36.    Denied.

ALLSTATE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
CASE NO. 25-cv-10687-CRB

37. Paragraph 37 contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 37.

38. Defendant admits that the Complaint purports to state claims based on the Agreements between Allstate and VMware.

## COUNT I
### (Breach of Contract)

39. Defendant incorporates its responses to Paragraphs 1–38 as if fully set forth herein.

40. Paragraph 40 states a legal conclusion to which no response is required.

41. Paragraph 41 purports to quote or paraphrase portions of the Master Agreement, which speaks for itself.

42. Paragraph 42 purports to quote or paraphrase portions of the ELA Contracts, which speaks for themselves. The remainder of the allegations in Paragraph 42 state legal conclusions to which no response is required.

43. Paragraph 43 purports to quote or paraphrase portions of the ELA and ELA Amendment, which speaks for themselves.

44. Paragraph 44 purports to quote or paraphrase portions of the ELA Contracts, which speaks for themselves. Defendant denies the remaining allegations in Paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Paragraph 50 contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 50.

51. Defendants admits that VMware requests specific performance as described in Paragraph 51.

## COUNT II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

52. Defendant incorporates its responses to Paragraphs 1-51 as if fully set forth herein.

4

ALLSTATE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
CASE NO. 25-CV-10687-CRB

53.     Paragraph 53 purports to quote or paraphrase portions of the Master Agreement, which speaks for itself.

54.     Paragraph 54 purports to quote or paraphrase portions of the ELA Contracts, which speaks for themselves.

55.     Paragraph 55 purports to quote or paraphrase portions of the ELA and ELA Amendment, which speaks for themselves.

56.     Paragraph 56 purports to quote or paraphrase portions of the ELA Contracts, which speaks for themselves. Defendant denies the remaining allegations in Paragraph 56.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Defendant admits that VMware seeks specific performance as described in Paragraph 62.

**COUNT III**
**(Declaratory Judgment)**
**28 U.S.C. § 2201**

63.     Defendant incorporates its responses to Paragraphs 1-62 as if fully set forth herein.

64.     Paragraph 64 states a legal conclusion to which no response is required. Defendant denies all remaining allegations in Paragraph 64.

65.     Paragraph 65 purports to quote or paraphrase portions of the Master Agreement, which speaks for itself.

66.     Paragraph 66 purports to quote or paraphrase portions of the ELA Contracts, which speaks for themselves.

67.     Paragraph 67 purports to quote or paraphrase portions of the ELA and ELA Amendment, which speaks for themselves.

68.     Paragraph 68 purports to quote or paraphrase portions of the ELA Contracts, which speaks for themselves. Defendant denies the remaining allegations in Paragraph 68.

5

69.    Denied.

70.    Defendant admits that VMware seeks declaratory judgment as described in Paragraph 70.

71.    Defendant admits that VMware seeks declaratory judgment as described in Paragraph 71.

72.    Defendant admits that VMware seeks declaratory judgment as described in Paragraph 72.

73.    Defendant admits that VMware seeks declaratory judgment as described in Paragraph 73.

74.    Paragraph 74 of the FAC contains legal conclusions to which no response is required. Defendant denies all remaining allegations in Paragraph 74.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would otherwise bear, Defendant asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission that Defendant is in any way liable to VMware, that VMware has been or will be injured or damaged in any way, or that VMware is entitled to any relief whatsoever. Defendant reserves the right to amend or supplement its affirmative defenses and raise counterclaims as additional facts concerning its defenses become known to Defendant. As a defense to VMware's claims and each and every allegation contained herein, Defendant alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute any cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the terms of any applicable agreements between Allstate and Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped by Plaintiff's own course of conduct from pursuing each and every cause of action asserted in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of the doctrine of election of remedies.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the Complaint, and each purported claim contained therein, was brought without reasonable cause and without good faith belief that there was a justifiable controversy under the facts and the law to warrant the filing of said Complaint against this answering Defendant; that Plaintiff is therefore responsible for all necessary and reasonable costs, including attorney's fees, incurred by this answering defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from obtaining any recovery on the allegations in the Complaint because Defendant has abided by and complied with all applicable laws, regulations and statutes.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering the relief sought because Plaintiff would be unjustly enriched if permitted to obtain recovery in this action because such recovery would be disproportionate to the harm, if any, suffered by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's claims, enter judgment in Defendants' favor and against Plaintiff on its Complaint and such other relief as this Court deems just and proper, including:

A.    Dismissal of Plaintiff's claims with prejudice;

B.    Denial of all relief requested by Plaintiff;

C.    Reasonable attorneys' fees and costs; and

7

D.     All other relief to which Defendants might be entitled at law or equity.

Dated: January 23, 2026                    **ZWILLGEN PLLC**

By:  /s/ Kelsey Harclerode
     Kelsey Harclerode (SBN 313976)
     kelsey@zwillgen.com

**Attorney for Defendant**
Allstate Insurance Company

8

ALLSTATE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
CASE NO. 25-CV-10687-CRB