**HUESTON HENNIGAN LLP**
Alison L. Plessman, State Bar No. 250631
aplessman@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 866-4825

Attorneys for Plaintiff
VMware LLC

**ZWILLGEN PLLC**
Kelsey Harclerode (SBN 313976)
kelsey@zwillgen.com
Laura-Kate Bernstein (admitted *pro hac vice*)
Laura-Kate@zwillgen.com
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

Attorney for Defendant
Allstate Insurance Company

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VMWARE LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 3:25-cv-10687-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>**Jury Trial Demanded** |

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

Pursuant to the Case Management Order entered by this Court on March 23, 2026, Plaintiff VMware LLC ("Plaintiff" or "VMware") and Defendant Allstate Insurance Company ("Defendant" or "Allstate") respectfully submit this Joint Case Management Statement and [Proposed] Order.

**1.     Jurisdiction & Service**

*Plaintiff's Statement:* The Court has subject matter jurisdiction over this action under 18 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. VMware is a Delaware limited liability company with its principal place of business in Palo Alto, California. Allstate is an Illinois corporation with its principal place of business in Northbrook, Illinois. Defendant has been served with the Complaint. Plaintiff is unaware of any additional parties to be served at this time, but Plaintiff reserves the right to join additional parties at a later date should new facts come to light.

Venue is proper in this Court because a substantial part of the events giving rise to the claims occurred in this district, VMware resides in this district, and Allstate is subject to personal jurisdiction in this district. This Court has personal jurisdiction over Allstate because the software at issue is owned in and controlled from this forum, and the harm resulting from Defendant's conduct was suffered in this forum. Defendant has purposefully availed itself of the privilege of conducting activities in this forum by licensing software from Plaintiff (a California resident), entering into agreements with Plaintiff, causing foreseeable harm to Plaintiff in this forum. Defendant knew, or reasonably should have known, that VMware: (a) is located in California, and that Defendant directed and aimed its unauthorized activities at VMware, which is located in the Northern District of California; and (b) would likely suffer the brunt of the harm caused by Defendant in California at VMware's principal place of business in Palo Alto, California within this District.

*Defendant's Statement:*  Defendant does not dispute Plaintiff's contention that this Court has jurisdiction over this matter, nor that venue is proper in this Court. However, Defendant disagrees with Plaintiff's characterization of the underlying facts giving rise to this dispute.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

Namely, Defendant disputes that it breached any contract provision with respect to its compliance with the audit.

**2.     Facts**

*Plaintiff's Statement:* This is an action for breach of contract, declaratory judgment, and specific performance arising out of Allstate's refusal to comply with VMware's contractual audit rights. On December 12, 2008, VMware entered into a Master End User License Agreement ("Master Agreement") with Allstate. Section 3.8 of the Master Agreement, titled "Audit Rights," requires Allstate to maintain accurate records as to its use of VMware's software for at least two (2) years from the last day on which support and subscription services expired for the applicable software and, during the period in which Allstate is required to maintain such records, entitles VMware to inspect such records and Allstate's computing devices to verify that Allstate used the software in accordance with the terms of Master Agreement and paid the applicable license fees and support and subscription services fees for the software. On September 30, 2019, the parties executed the Enterprise License Agreement ("ELA"). The ELA granted Allstate a license to use certain VMware software for a period of three years (the "ELA Period") and expressly stated that Allstate's use of VMware's software is subject to the terms of the Master Agreement. The ELA required Allstate, within thirty days following the expiration of the ELA Period, to report to VMware the total number of licenses it deployed during the ELA Period and to provide additional information reasonably requested by VMware to confirm compliance with the terms of the ELA. On July 29, 2022, the parties executed Amendment No. 1 to the ELA ("ELA Amendment" and, together with the ELA, the "ELA Contracts"), which granted Allstate a license to use additional VMware software in addition to software already deployed under the ELA and extended the ELA Period to July 29, 2025. On March 4, 2025, VMware issued a formal audit notice to Allstate. As part of the audit, VMware provided Allstate with audit materials, including a technical questionnaire, a deployment detail workbook, and scripts. Despite several follow-ups, Allstate has refused to provide completed questionnaires, deployment data, access to computing environments, or other records and cooperation necessary to allow VMware to conduct and complete its audit. Allstate contends that it has terminated and removed all instances

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

of VMware from its environment, and unilaterally determined and declared that VMware's audit was "complete and satisfied, in compliance with the contractual entitlements, with no further action or obligation from Allstate." But Allstate's claimed termination of all VMware instances and unilateral declaration that the VMware audit is "complete" do not relieve Allstate of its contractual obligations to maintain accurate records, report deployments as required, and permit VMware to conduct an audit to verify usage and fees due for the ELA Period. Allstate's failure to comply with the audit has impaired VMware's ability to protect its rights, including the ability for VMware to verify whether Allstate has underpaid fees for the period audited or infringed VMware's copyrights.

*Defendant's Statement*: Allstate denies Plaintiff's allegations. This case is about VMware's decision to initiate a haphazard "audit" of Allstate, once it was aware that Allstate did not intend to renew its contracts with VMware or its sister company, CA. VMware and CA are both subsidiaries of Broadcom, Inc. In March 2025, Broadcom simultaneously and unreasonably initiated four separate audits of Allstate's use of its licensed CA and VMware software. In doing so, Broadcom made vague, competing, and contradictory demands of Allstate, often in direct violation of its contractual agreements with Allstate. *See, e.g.*, *CA v. Allstate*, Case No. 3:25-cv-3862-CRB, Dkt. 33, pp. 15–24 (explaining, in counterclaim, various ways in which CA breached its contracts with Allstate and the implied covenant of good faith and fair dealing). Despite Broadcom's unreasonable conduct, Allstate made good faith efforts to comply with each of the four audits. With respect to VMware, Allstate substantially and in good faith complied with the audit and reporting requirements set forth in its contracts with VMware and Plaintiff's claims to the contrary are unfounded.

**3.    Legal Issues**

*Plaintiff's Statement:* Subject to and without waiving its positions and arguments, Plaintiff states that the disputed points of law in this litigation include, but are not limited to, the following:

(a)    whether Allstate breached the Master Agreement and ELA Contracts by refusing

- 4 -
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

to comply with VMware's audit demand under the Audit Rights provision of the Master Agreement, failing to provide required reports regarding software deployment details, and  failing to provide information reasonably requested by VMware to confirm Allstate's compliance with its obligations under the ELA Contracts;

(b)   whether Allstate breached the implied covenant of good faith and fair dealing by refusing to cooperate with and systematically delaying or obstructing the audit demanded by VMware pursuant to its rights under the Master Agreement; and

(c)   whether Plaintiff is entitled to declaratory judgment that: VMware is entitled to audit Allstate pursuant to Section 3.8 of the Master Agreement, including inspection of records and computing devices, and that Allstate must reasonably comply with such audit; Allstate is obligated to maintain accurate records, and to provide such records and information to VMware sufficient to verify compliance with the ELA Contracts, including the total number of any software deployments as of August 29, 2025; and Allstate's claimed termination of all VMware instances and unilateral declaration that the VMware audit workstream is complete does not satisfy its audit, reporting, and recordkeeping obligations.

*Defendant's Statement*: Allstate denies that it has breached its agreements with VMware. The central legal issues in this matter are:

(a)    Whether Allstate breached the Master Agreement by failing to comply with Section 3.8, titled "Audit Rights;"

(b)   Whether Allstate's conduct breached the implied covenant of good faith and fair dealing; and

(c)   Whether and how VMware suffered any damages attributable to any alleged breach of the Master Agreement.

4.   **Motions**

There are no pending motions.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

*Plaintiff's Anticipated Motions:* (a) Plaintiff expects that it may file motions for summary judgment at the close of discovery; and (b) Plaintiff may need to file motions to compel, limit, or quash discovery.

*Defendant's Anticipated Motions:* Allstate expects to file a motion for summary judgment at the close of discovery. Allstate may also need to file motions to compel, limit, or quash discovery.

**5.    Amendment of Pleadings**

Plaintiff has not amended its complaint.

*Plaintiff's Anticipated Amendments:* Plaintiff may seek leave to further amend its complaint as additional facts and claims are discovered, including but not limited to additional acts of infringement or breaches of the Agreements. Plaintiff reserves its rights to make any such amendments.

*Defendant's Anticipated Amendments:* Allstate may seek leave to amend its Answer and to add counterclaims as additional facts and claims are discovered. Allstate reserves the right to make any such amendments.

**6.    Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and, on February 19, 2026, met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this paction. The parties are complying in good faith with their obligations to preserve potentially relevant evidence. The parties anticipate submitting a stipulated Order with respect to electronically stored information ("ESI") that will address the format and manner of production of ESI and other related matters.

**7.    Disclosures**

The parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on March 9 and 13, 2026.

///

///

- 6 -

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

**8.    Discovery**

***Protective Orders Regarding Confidentiality and ESI Protocol:***

The parties anticipate submitting a Stipulated Protective Order governing the production of confidential, proprietary, and trade secret information, using the Northern District of California's Patent and Highly Sensitive Model Protective Order as a guide. The parties agree that there shall be no changes to the discovery limits set by the Federal Rules of Civil Procedure and/or the Local Rules of the Northern District of California at this time

***Plaintiff's Anticipated Discovery:*** Plaintiff anticipates seeking discovery related to, among other things, the following:

1.    All material facts pertaining to Plaintiff's efforts to audit Allstate and Allstate's noncompliance;

2.    All material facts pertaining Defendants' destruction of relevant evidence;

3.    All material facts pertaining to VMware's damages, including any underpaid fees revealed by the audit.

***Defendant's Anticipated Discovery:***

1.    Plaintiff's basis for the allegations made in the Complaint;

2.    All internal communications pertaining to Plaintiff's audit requests to Allstate;

3.    All material facts related to VMware's audit practices; and

4.    All documents supporting Plaintiff's damages calculation.

**9.    Class Actions**

N/A

**10.    Related Cases**

Pursuant to the Order Granting Administrative Motion to Relate Case (Dkt. 14), this case has been related to *CA, Inc. v. Allstate Insurance Company, et al.*, Case No. 3:25-cv-03862-CRB (N.D. Cal.).

///

///

///

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

**11.    Relief**

*Plaintiff's Statement:* Plaintiff seeks the following relief:

(a)    Specific performance compelling Allstate to immediately provide complete access to all records, data, systems, computing devices, and materials subject to audit under the Master Agreement;

(b)    Injunctive relief enjoining Allstate from destroying, altering, or concealing any records relating to Allstate's noncompliance with the Master Agreement and ELA Contracts or evidence relating to its use and deployment during and after the ELA Period;

(c)    Damages in an amount to be proven at trial;

(d)    Declaratory judgement that the Master Agreement and ELA Contracts are properly interpreted consistent with VMware's position as set forth above;

(e)    Attorneys' fees and costs as permitted by law or contract;

(f)    Judgment in favor of VMware and against Defendant; and

(i)    All other relief, legal or equitable, as the Court finds appropriate.

*Defendant's Statement:*  Allstate states that Plaintiff's claims in this case lack merit and do not entitle Plaintiff to any relief. Allstate reserves the right to seek costs and reasonable attorneys' fees as applicable.

**12.    Settlement and ADR**

The parties have reviewed the handbook entitled "Alternative Dispute Resolution Procedures Handbook" on the Court's ADR website. Pursuant to Local Rule 16-8 and ADR Local Rule 3-5, the parties discussed ADR during their Rule 26(f) conference. The parties have agreed to private ADR. The parties filed their Local Rule 3-5 ADR certifications on February 23, 2026 (Dkts. 19, 20), indicating that the parties intend to stipulate to an ADR process.

**13.    Other References**

The parties contend that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

///

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

**14.    Narrowing of Issues**

At this time, the parties have not agreed on any issues that can be narrowed. The parties do not currently request the bifurcation of issues, claims, or defenses but reserve their rights to make such requests upon a showing of good cause.

**15.    Expedited Trial Procedure**

The parties contend that the case is not suitable for designation under the Expedited Trial Procedure of General Order No. 64.

**16.    Scheduling**

The parties propose a three-months extension of the current schedule, as follows:

| Event | Date |
| --- | --- |
| Close of Fact Discovery | December 14, 2026 |
| Designation of Affirmative Experts and Service of Affirmative Expert Reports | January 18, 2027 |
| Designation of Rebuttal Experts and Service of Rebuttal Expert Reports | February 15, 2027 |
| Close of Expert Discovery | March 15, 2027 |
| Deadline to Hear Dispositive Motions | May 17, 2027 |
| Pretrial Conference | TBD |
| Trial | TBD |

**17.    Trial**

Plaintiff has demanded a jury trial and expects the length of the trial to be 7 days.

**18.    Disclosure of Non-party Interested Entities or Persons**

***Plaintiff's Statement:*** Plaintiff disclosed the following interested parties (Dkt. 21): Broadcom Inc. is the publicly traded parent company of CA, Inc., and owns 100% of CA, Inc.'s stock. CA, Inc. is the 100% owner of VMware.

***Defendant's Statement***: Allstate disclosed that it is a wholly-owned subsidiary of Allstate Insurance Holdings LLC, a Delaware limited liability company. Allstate Insurance

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

Holdings LLC is a wholly-owned subsidiary of The Allstate Corporation, a Delaware corporation. The stock of The Allstate Corporation is publicly traded. (ECF No. 18).

**19.      Professional Conduct**

All attorneys for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.      Other**

The parties are not aware of other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: June 12, 2026                          HUESTON HENNIGAN LLP


By:  _____
                          Alison L. Plessman

                          *Attorneys for Plaintiff*
                          *VMware LLC*


Dated: June 12, 2026                          ZWILLGEN PLLC

                                    */s/ Laura-Kate Bernstein*
By:  _____
                          Laura-Kate Bernstein

                          *Attorneys for Defendant*
                          *Allstate Insurance Company*

- 10 -
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER is approved as the Case Management Order for this case, and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER